IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00008-BNB

MATTHEW A. SMITH,

    Plaintiff,

v.

MIKAYLA J. MAUSER,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Matthew A. Smith, initiated this action by filing *pro se* a complaint (ECF No. 1).  On February 7, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Smith to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On March 1, 2013, Mr. Smith filed an amended complaint (ECF No. 12).

    The Court must construe the amended complaint liberally because Mr. Smith is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers.  *See id.*  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

    The Court has reviewed the amended complaint and finds that the amended

complaint also fails to comply with the pleading requirements of Rule 8.  As Mr. Smith was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Construing the amended complaint liberally, it appears that Defendant and Mr. Smith were domestic partners and that Defendant sought and obtained a restraining order against Mr. Smith in September 2011 based on allegations of domestic abuse,

stalking, physical assault, and threats. Mr. Smith also refers to multiple state court cases in the amended complaint in which he and Defendant apparently have litigated issues regarding division of personal property and other matters. As relief in this action Mr. Smith

> would like the District Court to reverse, lessen, and or make mutual the superior court's decision in placement of a permanent protection order against . . . Mr. Smith. Mr. Smith would also like as part a dissolution proceeding based on the relative economic circumstances of the parties in order to equalize their status and to ensure that neither party suffers further undue economic hardship as a result of the proceedings. Lastly, Mr. Smith would like the court to make possible time with pet Ruffles amongst both . . . Ms. Mauser and Mr. Smith.

(ECF No. 12 at 7-8.)

As an initial matter, Mr. Smith is advised that he may not seek review in this Court of any adverse judgments entered in state court cases because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate

review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). However, because it is not clear what specific claims Mr. Smith is asserting or whether final judgments have been entered in the state court cases, the Court will not dismiss this action pursuant to the *Rooker-Feldman* doctrine. Instead, the Court will dismiss the action for failure to comply with Rule 8.

Mr. Smith invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, the Court agrees with Magistrate Judge Boland that Mr. Smith fails to provide a short and plain statement of any federal claims showing that he is entitled to relief. Pursuant to § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotation marks omitted).

Mr. Smith does refer in the amended complaint to 42 U.S.C. § 1983, but he fails to allege facts that might state a cognizable claim under § 1983. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "The purpose of § 1983 is to deter state actors from using the badge of their authority to

deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Therefore, the only proper defendants in a § 1983 action are those who "'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Even construed liberally, there is no allegation or indication in the amended complaint that Defendant was acting under color of state law. Furthermore, even if Defendant was a state actor subject to suit under § 1983, Mr. Smith fails to provide a short and plain statement of any facts to support a federal claim under § 1983. Despite specific instructions from Magistrate Judge Boland, Mr. Smith does not explain what Defendant did to him, when Defendant did it, how Defendant's action harmed him, and what specific legal right he believes Defendant violated. *See Nasious*, 492 F.3d at 1163. Therefore, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of     March         , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court